UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TERRI L., | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )    2:24-cv-00226-JCN |
| | ) |
| FRANK J. BISIGNANO, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant | ) |

**ORDER ON MOTION TO REMAND**

The matter is before the Court on Defendant's motion to remand. (Motion to Remand, ECF No. 31.) Plaintiff does not oppose remand but asks the Court to include specific terms in the remand order. (Response, ECF No. 32.)

Upon review of the pleadings and after consideration of the parties' arguments, the Court grants Plaintiff's motion to remand and addresses Defendant's request for certain findings as part of the remand order.

**BACKGROUND**

Plaintiff filed an application for Social Security Disability Insurance benefits on September 26, 2005. (Plaintiff's Opening Brief at 1, ECF No. 10.) On January 18, 2006, Defendant found that Plaintiff was disabled beginning September 17, 2005. (*Id.*) Following a continuing disability review process, which included a hearing at the reconsideration level, on January 2, 2014, Defendant found Plaintiff's disability had ceased in December 2012. (*Id.*) Following this determination, Plaintiff requested a hearing before an administrative law judge (ALJ). (Plaintiff's Opening Brief at 2.) The ALJ ultimately

dismissed this request because Plaintiff failed to attend the scheduled hearing on the request and Plaintiff's disability payments ceased in November 2014.[1] (Defendant's Response Brief at 1, ECF No. 15.) Plaintiff requested review of the decision by the Appeals Council, which request the Council denied on June 3, 2018. (Plaintiff's Opening Brief at 2.)

On July 6, 2016, Plaintiff filed an application for benefits under Title II and Title XVI of the Social Security Act. (*Id.*) On October 1, 2018, ALJ Helm found that Plaintiff had been disabled beginning March 1, 2013. (*Id.*; R. 71–76.)

On November 20, 2018, Defendant notified Plaintiff that she had been overpaid benefits. (Plaintiff's Opening Brief at 2.) According to the notice, Plaintiff owed $10,624.45. (*Id.*) Plaintiff requested reconsideration of the overpayment determination. (*Id.*) Upon reconsideration, Defendant determined Plaintiff had been overpaid in the amount of $345.90. (*Id.*) Plaintiff then requested a hearing before an ALJ. (*Id.*)

On March 1, 2021, ALJ Holbrook concluded that Plaintiff had been overpaid in the amount of $11,159.00.[2] (R. 47–52.) Plaintiff requested that the Appeals Council review the decision. (Plaintiff's Opening Brief at 3.) Upon review, the Appeals Council remanded the matter for further consideration of the overpayment issue.[3] (R. 57–59.) On October

---

[1] Plaintiff had continued to receive benefits during her appeal from the cessation determination.

[2] Plaintiff was paid $553.80 each month from March 2013 through December 2013 and $562.10 from January 2014 through October 2014 for a total of $11,159.00. (*See* R. 50 (discussing Defendant's overpayment calculation and noting Defendant's previous mathematical error resulting in an overpayment calculation of $11,158.00)).

[3] On remand, the Appeals Council instructed the ALJ to complete the administrative record and consider further whether Plaintiff was overpaid benefits and if so, the amount, the period of the overpayment, and the cause of the overpayment. (R. 58.)

16, 2023, ALJ Holbrook found that Plaintiff had been overpaid in the amount of $11,159.00. (R. 12–15.) ALJ Holbrook also concluded that ALJ Helm's 2018 decision did not reopen the prior decision denying benefits. (R. 13.) After the Appeals Council denied Plaintiff's request for review (R. 1–3), Plaintiff appealed to this Court.

On this appeal, Plaintiff argues that ALJ Holbrook misapplied the law regarding the reopening of a determination and, if the law had been applied correctly, ALJ Holbrook would have found Plaintiff was owed retroactive benefits. (Plaintiff's Opening Brief at 3–11.) Defendant argues there was no evidence that ALJ Helm reopened the prior determination. (Defendant's Response Brief at 2.) Defendant also noted that Plaintiff's overpayment waiver is pending, and if the waiver is granted, the overpayment issue would likely be moot.[4] (*Id.* at 2 n.1.)

## DISCUSSION

Defendant moves the Court to remand this matter, which challenges ALJ Holbrook's overpayment determination. Plaintiff does not oppose remand but asks this Court to find that ALJ Helm reopened the 2014 cessation determination, and to remand the matter to determine the amount of underpayment owed to Plaintiff.

Plaintiff argues that because ALJ Helm's decision established a disability onset date within the prior adjudicated period,[5] ALJ Helm necessarily reopened the 2014

---

[4] The question of whether ALJ Helm's decision reopened a prior determination was a focus of the parties' original briefing and their filings on the motion to remand. While it is conceivable that the issue could become moot, because the issue is not now moot and because it is central to Plaintiff's appeal, the Court believes it is appropriate to address the issue in the context of the motion to remand.

[5] In the initial round of briefing, Defendant argued the March 1, 2013, disability onset date found by ALJ Helm was not within the previously adjudicated period. (Defendant's Response Brief at 8–10.) Defendant

reconsideration determination. Defendant argues that on remand an ALJ would "need to consider whether all the rules for reopening were satisfied when ALJ Helm made her October 2018 decision." (Defendant's Reply at 3.) In other words, Defendant contends that whether ALJ Helm reopened the prior determination is an issue for an ALJ to decide upon remand.

When an ALJ reopens a prior determination, the ALJ typically must make certain findings to support the reopening. *See* 20 C.F.R. § 404.988; HALLEX I-2-9-85. An ALJ, however, can also be deemed to have constructively reopened a prior determination. *See Girard v. Chater*, 918 F. Supp. 42, 44 (D.R.I. 1996) ("There are two ways in which a case may be reopened. The ALJ may make an express determination pursuant to 20 C.F.R. § 404.988 that the case should be reopened or the ALJ may 'constructively' reopen the case by reconsidering the prior case on its merits."). "If the Commissioner reviews the entire record and renders a decision on the merits, the earlier decision will be deemed to have been reopened." *Byam v. Barnhart*, 336 F.3d 172, 180 (2nd Cir. 2003) (citations and internal quotation marks omitted) (collecting cases).

Constructive reopening contemplates an assessment of what occurred in a prior proceeding to determine whether a previously adjudicated period was reopened even though the ALJ did not make the explicit findings ordinarily required for a reopening. To require explicit findings as a condition of reopening in every instance would be inconsistent

---

now acknowledges that ALJ Helm's 2018 decision established a disability onset date within the previously adjudicated period. (Defendant's Reply at 1-2, ECF No. 33.)

4

with and would in effect disregard the concept of a constructive reopening. The fact that ALJ Helm did not expressly state that she reopened the prior adjudicated period does not foreclose a finding that her 2018 decision constructively reopened the prior period.

Constructive reopening arguments, however, should be closely scrutinized to distinguish between an ALJ's consideration of evidence from a prior adjudicated period and an ALJ's reopening of a prior determination. Courts have appropriately concluded that the mere consideration of evidence generated during a prior adjudicated period does not constitute a reopening. *See Byam*, 336 F.3d at 180 (ALJ did not reopen prior applications where the ALJ did not rule on the merits but only assessed evidence provided in the earlier applications); *Girard*, 918 F. Supp. at 45 ("If simply reviewing evidence relating to a previous claim is viewed as a reconsideration on the merits, the previous case would be constructively reopened virtually every time a successive claim is filed.").

Here, a review of the record and ALJ Helm's decision reveals that this is not a case where an ALJ simply considered evidence of a claimant's condition during the prior period to provide some insight into the claimant's current condition or a case in which an ALJ merely made some observations about a claimant's condition during a prior adjudicated period. Rather, ALJ Helm conducted a hearing, accepted evidence, considered medical information generated during the prior adjudicated period, and made a specific finding that Plaintiff was disabled during the prior adjudicated period. The ALJ plainly considered the merit of Plaintiff's claim that she was disabled as of March 1, 2013—a date within the prior

adjudicated period.[6] As the Tenth Circuit explained when it considered whether an ALJ had reopened a prior proceeding, "'by reviewing the case on its merits and considering additional evidence submitted in support of the plaintiff's claim, the ALJ in effect permitted a reopening of the prior proceedings.'" *Taylor for Peck v. Heckler*, 738 F.2d 1112, 1115 (10th Cir. 1984) (quoting *Brown v. Heckler*, 565 F. Supp. 72, 74 (E.D. Wis. 1983)).

The Court nevertheless recognizes that "reopening is a 'creature of regulation,' and an ALJ has no authority to reopen a case beyond the scope of authority granted under those regulations—even under a theory of constructive reopening." *McLauchlan v. Astrue*, 703 F. Supp. 2d 791, 799 (E.D. Ill. 2010). For instance, "[t]here can be no constructive reopening after four years because the concept cannot extend beyond the scope of authority granted under the regulations."[7] *King v. Chater*, 90 F.3d 323, 325 (8th Cir. 1996) (citation and internal quotation marks omitted). Defendant, however, has not argued that ALJ Helm could not under the regulations reopen the prior determination under the circumstances.[8] Instead, Defendant contends that the Court should remand the matter for an ALJ to consider

---

[6] ALJ Helm's discussion of Plaintiff's medical history and her determination that Plaintiff was disabled as of March 1, 2013, demonstrate that ALJ Helm considered evidence of Plaintiff's disability during the adjudicated period. To find that Plaintiff was disabled as of March 1, 2013, ALJ Helm would necessarily have had to consider evidence of Plaintiff's condition in 2013.

[7] The four-year limitation applies to a reopening for good cause, one of the bases for reopening under the regulations. 20 C.F.R. § 404.988 provides in relevant part that a determination may be reopened "[w]ithin four years of the date of notice of the initial determination if we find good cause, as defined by § 404.989, to reopen the case." § 404.988(b).

[8] Without limiting the potential bases for reopening under the regulations on the facts of this case, the Court notes that a determination that a claimant was disabled during a prior adjudicated period can reasonably be viewed as a finding of good cause for reopening under the regulations. *See* 20 C.F.R. §§ 404.988, 404.989.

whether ALJ Helm's decision reopened the 2014 redetermination denial.  Defendant has not cited any authority which suggests that an ALJ, rather than a district or circuit court, must determine in the first instance whether an administrative decision constructively reopened a prior adjudicated period.

In this case, given the absence of any argument or evidence that a judicial officer could not supportably find under the regulations that the prior adjudicated period was reopened and given that ALJ Helm's finding that Plaintiff was disabled within the prior adjudicated period, the Court discerns no reason to remand the matter for an ALJ to assess the issue.  For the reasons explained herein, the Court concludes that ALJ Helm's 2018 decision constructively reopened the prior adjudicated period.  The ALJ, therefore, erred in his determination that the 2018 decision did not reopen the prior adjudicated period.  Accordingly, remand, as requested by both parties, is warranted.

Plaintiff asked that the remand order require that any further administrative proceedings occur within a certain time frame.  While a court may impose time limits on remand in cases with exigent circumstances, *see, e.g.*, *Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir. 2004) (setting time limit when past delay in case was significant); *Gurney v. Colvin*, No. 1:14-cv-00101-GZS, 2015 WL 786912, at *1, *3 (D. Me. Feb. 15, 2015) (affirming recommended decision recommending 60-day time limit when length of time in case was "concerning"), the Court does not believe that the circumstances warrant the imposition of time limits on the remand.

## CONCLUSION

Based on the foregoing analysis, the Court vacates the administrative decision, finds that ALJ Helm's 2018 decision reopened the prior adjudicated period, grants Defendant's motion to remand, and remands the matter for further proceedings.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 11th day of June, 2025.