UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TERRI L.,<br><br>    Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>    Defendant. | 2:24-cv-00226-JCN |

**ORDER ON APPLICATION FOR ATTORNEY FEES**

Plaintiff seeks to recover attorney fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), following an order by which the Court granted Defendant's request for a sentence-four remand under 42 U.S.C. § 405(g) and made a specific finding in Plaintiff's favor. Plaintiff seeks an award in the amount of $25,480.00 in fees and 405.00 in costs. (EAJA Application, ECF No. 39; Reply Memorandum, ECF No. 42.) Defendant opposes the motion, in part, arguing that some of the work performed by counsel was unnecessary. (Def.'s Opp'n, ECF No. 40.)

Following a review of the record and after consideration of the parties' arguments, the Court grants the application in part.

### Legal Standard

The EAJA provides, in relevant part, that a "prevailing party" should receive a fee-shifting award against the United States, unless the position of the United States was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The purpose of the EAJA is to remove economic deterrents to parties who

seek review of unreasonable government action by allowing certain prevailing parties to recover an award of attorney fees . . . and other expenses against the United States." *Schock v. United States*, 254 F.3d 1, 4 (1st Cir. 2001) (citing H.R. Rep. No. 96-1418, at 5-6 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4984, 4984). For a government position to be "substantially justified," it must be "justified to a degree that could satisfy a reasonable person"—that is, the position must have a sound basis in both fact and law. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The relevant government position consists not only of the government's litigation position, but also the agency action (or inaction) upon which the civil action is based. 28 U.S.C. § 2412(d)(2)(D). The government bears the burden of establishing that its position was substantially justified. *McDonald v. Sec. of Health & Human Servs.*, 884 F.2d 1468, 1475 (1st Cir. 1989).

In assessing the threshold question of whether a plaintiff was a "prevailing party" for purposes of the EAJA, a court evaluates whether the plaintiff succeeded on a significant issue in the litigation and accomplished at least some of the plaintiff's objectives in bringing the suit. *Id.* at 1474. From there, the calculation of an EAJA fee award begins with familiar lodestar method. In this calculation, the court first determines the number of hours reasonably expended on the matter and multiplies that figure by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[1] This analysis allows downward adjustments to be made for unreasonable or unproductive attorney time and for excessive

---

[1] Although *Hensley v. Eckerhart* concerned a fee award under 42 U.S.C. § 1988, the standards announced in that decision are "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" 461 U.S. at 433 n.7.

hourly rates. Further adjustments, upward or downward, may then be made to the award based on the prevailing party's relative degree of success. *See id.* at 434. In modifying an award based on the degree of success, the court is tasked with determining a reasonable fee considering the results obtained. To the extent that attorney effort was unsuccessful in demonstrating unreasonable government action, a fee award should be reduced. *McDonald*, 884 F.2d at 1478-80. These determinations are not governed by a "precise rule or formula" – the calculus is equitable and committed to the court's discretion. *Hensley*, 461 U.S. at 436-37. Where fees are contested, the fee applicant assumes the burden of establishing entitlement to the requested award. *Id.* at 437. The applicant may also seek reimbursement for the time reasonably devoted to successful fee litigation. *McDonald*, 884 F.2d at 1480.

## DISCUSSION

Plaintiff asserts that she is entitled to an award of fees because she secured a remand from this Court with an important finding that Defendant contested. The Court's assessment begins with a review of the procedural history of the case as the history is relevant to the evaluation of Plaintiff's request.

### A. Procedural History

The administrative proceedings included (1) a determination that Plaintiff had been overpaid benefits in the amount of $10,624.45 (R. 156); (2) a subsequent determination reducing the overpayment to $345.90 on Plaintiff's request for reconsideration (R. 149-54); (3) Administrative Law Judge ("ALJ") Holbrook's decision, following Plaintiff's request for a hearing, concluding that Plaintiff was overpaid benefits in the amount of

3

$11,159.00 (R. 44-52); (4) a remand to ALJ Holbrook following Plaintiff's request for review by the Appeals Council (R. 56-58); (5) ALJ Holbrook's subsequent decision, again finding that Plaintiff was overpaid benefits in the amount of $11,159.00 (R. 9-15); and (6) the Appeals Council's denial of Plaintiff's request for further review (R. 1-3).

The overpayment determination was based on proceedings related to Plaintiff's two applications for disability benefits. On Plaintiff's first application, the SSA determined in January 2014 that Plaintiff's disability ceased in December 2012, such that her period of disability ended in February 2013. (R. 350.) In November 2014, ALJ Moore dismissed Plaintiff's request for a hearing on the disability cessation determination due to her failure to appear at that hearing. (R. 62-66.) In 2016, the Appeals Council declined Plaintiff's request for review of the 2014 dismissal order. (R. 78.) On Plaintiff's second application filed in July 2016, ALJ Helm issued a decision in October 2018 concluding that Plaintiff had been disabled since March 2013. (R. 67-76.)

In the subsequent challenge to the overpayment determination, Plaintiff asked ALJ Holbrook to conclude that the October 2018 decision reopened the 2014 disability cessation determination, rendering her eligible for benefits during the period covered by the alleged overpayment. (R. 39-40.) In October 2023, ALJ Holbrook denied Plaintiff's request. (R. 13-14.) After the Appeals Council denied Plaintiff's request for review (R. 1), Plaintiff filed this action.

Six months later, in December 2024, the Appeals Council vacated the 2016 denial of Plaintiff's request for review of ALJ Moore's 2014 dismissal order, vacated the dismissal order, and remanded the disability cessation matter for further proceedings.

(Status Report, ECF No. 25.) In doing so, the Appeals Council found an "error on the face of the evidence that was considered" when the dismissal order issued, finding that Plaintiff had a good reason for not appearing at the hearing because the hearing notices had been mailed to the wrong address (due to a typographical error) and Plaintiff had not been advised of the hearing by telephone (despite the finding to the contrary in the 2014 dismissal order). (Order of Appeals Council at 2, ECF No. 26.) The Appeals Council directed the ALJ on remand to consider only whether Plaintiff's disability ceased as of December 2012, and whether she again became disabled before March 1, 2013. The Appeals Council observed that ALJ Helm's October 2018 decision that Plaintiff became disabled as of March 1, 2013, had become "administratively final and binding." (*Id.* at 3.)

Defendant then filed a consent motion to stay this matter, asserting that the Appeals Council remand of the 2014 dismissal order would likely resolve the overpayment dispute. (Motion to Stay, ECF No. 21.) The Court stayed the matter on December 9, 2024. (Order, ECF No. 24.) Thereafter, the parties filed status reports, and the Court held a conference with counsel on February 19, 2025, to discuss the future course of the case.

Subsequently, Defendant determined that SSR 13-3p contradicted one of the arguments presented in Defendant's brief. (Def's Opp'n at 9.) On March 14, 2025, Defendant filed a motion to remand this matter to the Appeals Council for further remand to an ALJ to reconsider whether ALJ Helm's October 2018 decision reopened the 2014 disability cessation determination under SSR 13-3p. (Motion to Remand, ECF No. 31.) Plaintiff filed a response to the motion to remand, asking that in the remand order, the Court find that ALJ Helm's October 2018 decision reopened the 2014 disability cessation

5

determination, that Plaintiff was conclusively disabled as of March 1, 2013, that Defendant must calculate the amount of the underpayment owed to Plaintiff, and that the subsequent administrative hearing occur within 150 days of the date of this Court's order.  (Plaintiff's Response, ECF No. 32.)  The Court ordered the remand of the matter with a finding that the October 2018 decision reopened the 2014 determination.  (Order, ECF No. 37.)

### B. Plaintiff's Success in the Litigation

By securing a ruling from this Court that the October 2018 decision reopened the 2014 determination, Plaintiff accomplished an objective that she deemed essential to the remand proceedings.  The Court, however, did not grant Plaintiff's request for three other findings in the remand order.  Nevertheless, because Plaintiff achieved an important objective on a contested issue—remand with a finding that ALJ Helm's 2018 decision reopened the 2014 determination—Plaintiff qualifies as a prevailing party entitled to an EAJA award.

### C. Reasonableness of the Requested Fees

Defendant contends that Plaintiff has failed to show that counsel's reported time was reasonably spent.  Defendant argues that some of the work performed by Plaintiff's counsel after February 5, 2025, to secure a sentence-four remand was unnecessary because, at that point, SSA had agreed to reopen the 2014 disability cessation determination. Defendant asks the Court to disallow compensation for 58 hours of work, in the amount of $14,210.00, representing all the time reflected in counsel's billing entries from February 10, 2025, through June 12, 2025.  He asserts that all that time was unreasonable because the Appeals Council's 2024 remand of the disability cessation determination would

"eliminate Plaintiff's overpayment and entitle her to an underpayment." (Def's Opp'n at 12.) Defendant further contends that all work performed before February 5, 2025, exceeding 30 hours should be evaluated for reasonableness with an enhanced scrutiny in accordance with the approach in this district. He also asks the Court to decline to award any supplemental fees for this fee litigation. Defendant suggests a total award of no more than $7,350.00 in fees, reflecting 30 hours of work at an hourly rate of $245.00.[2]

### a. The 30-Hour Guideline

This Court has "held it appropriate to measure the reasonableness of a Social Security EAJA fee request in part by the yardstick of awards made in comparable cases, subjecting itemized fee statements to enhanced scrutiny when total hours for which an EAJA fee award is requested in a garden-variety case exceed approximately 30, the high end of the range for a typical Social Security case in this district." *Katherine L. v. Kijakazi*, No. 2:20-cv-00439-JAW, 2022 WL 2115314, at *1 (D. Me. June 13, 2022) (rec. dec.) *aff'd* 2022 WL 2317219 (June 28, 2022) (quotation marks and citation omitted). Under the reasoning of *Katherine L.*, the 30-hour guideline would apply to a typical Social Security case. This case, with multiple relevant administrative proceedings over more than a decade, cannot reasonably be characterized as typical. As Defendant notes in his response, the procedural history of the matter is "somewhat complex." (Def's Opp'n at 2.) Defendant also acknowledges that a central issue in the case was not garden-variety. (Def's Opp'n at 16.) The issues presented in this appeal required the application of some fine points of

---

[2] Defendant does not challenge the reasonableness of Plaintiff's hourly rate of $245.00.

agency policy and relevant case law to a record of more than 300 pages, which included multiple interrelated agency determinations, decisions, and appeals. Application of the 30-hour guideline would not be appropriate in this case.

Although Plaintiff's counsel devoted significant time to the matter before February 5, 2025, under the circumstances of this case, the Court does not find the amount of time to be unreasonable. As noted above, due in large part to the procedural history of the case, which included multiple administrative rulings, the case presented some complex issues that required much time from the parties and the Court to resolve. Defendant has not pointed to any individual billing entry before February 5 that reflects an unreasonable amount of time dedicated to an issue or issues. The Court also notes that Plaintiff's counsel voluntarily reduced the amount of time for which Plaintiff seeks to recover by 5.6 hours. In sum, the Court will not reduce the fee for the work performed prior to February 5, 2025.

### b. Work on the Case After February 5, 2025

Defendant argues that Plaintiff's counsel should not be compensated for work performed after February 5, 2025. He contends that the proceedings after February 5 were the result of Plaintiff's unnecessary request for a sentence-four remand with certain findings.

The Appeals Council's order to remand the 2014 disability cessation matter occurred in December 2024, and this matter was stayed given the remand. A review of the billing entries of Plaintiff's counsel reveals that counsel worked on the case on February 10, 2025, to respond to a Court inquiry. (EAJA Application at Ex. 1.) Thereafter, the parties engaged in further communications with each other and the Court regarding the

future course of the case. Defendant ultimately moved for remand, which Plaintiff contested in part. After the parties briefed the relevant issues, the Court ordered the remand of the matter. In the remand order, Plaintiff prevailed on an important disputed issue.

While the Court understands Defendant's view that a remand order with a reopening finding would not materially alter the relief Plaintiff would obtain upon remand, given the uncertainty that existed due to the procedural history of the case, the Court cannot conclude that Plaintiff's desire to obtain a Court ruling with certain findings was unreasonable. The Court, therefore, cannot find that all of counsel's work after February 5, 2025, was unnecessary. However, because the Court granted remand with only one of the four findings requested by Plaintiff and contested by Defendant, the Court concludes that an equitable reduction in the amount of the fee award is warranted. As Defendant notes through its citation to *McDonald v. Sec'y of Health & Hum. Servs.*, 884 F.2d 1468, 1480 (1st Cir. 1989), a court can and in certain instances should equitably reduce a fee award to account for a plaintiff's lack of complete success. (*See* Def's Opp'n at 15.)

"There is no 'precise rule or formula' for determining" equitable fee reductions to account for less than complete success. *Blaney v. Saul*, No. 1:18-cv-12009-ADB, 2020 WL 6162944, at *4 (D. Mass. Oct. 21, 2020) (quoting *Hensley*, 461 U.S. at 436). A court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Hensley*, 461 U.S. at 436-37. Where it is "straightforward" to determine how much time counsel spent on an unsuccessful argument, that time may easily be deducted from an award. *See Blaney*, 2020 WL 6162944, at *4

9

(deducting from fee award all time spent on a wholly unsuccessful separate motion). Where billing entries lump work on unsuccessful arguments with work on successful arguments all made in the same brief, the court may instead determine how much of the brief was focused on the unsuccessful argument and apply a reduction accordingly. *See id.* at *5 (discounting billing entries by half where roughly half of the briefs at issue were focused on unsuccessful argument).

Given the nature of the issues in the case and given that the billing entries do not separately describe, with a corresponding allocation of time, counsel's work on each of the four findings that Plaintiff asked the Court to include in the remand order, the Court cannot discern from the entries the time devoted to each argument. The Court notes, however, that overall, Plaintiff's counsel devoted more of Plaintiff's argument to the reopening issue than to any one of the other issues.

Recognizing that a reduction without the ability to find that certain hours were not devoted to the prevailing argument is necessarily somewhat arbitrary, as the First Circuit noted in *McDonald*, 884 F.2d at 1480, the Court finds that a 30% reduction of the fees generated after the stay was entered in December 2024 is warranted. Relatively soon after the entry of the stay, Defendant agreed to remand the matter. At that point, Plaintiff did not have to litigate further whether there were sufficient grounds for a remand. Most of the post-stay time was devoted to a dispute over the findings that would be included in a remand order. Plaintiff did not achieve complete success in the resolution of that dispute.

The post-December/stay hours total 66.5.  When multiplied by counsel's hourly rate of $245, the post-December/stay fees total $16,292.50.[3]  Reduced by 30% ($4,887.75), the amount awarded for the post-December/stay time would be $11,404.75.[4]

## CONCLUSION

For the reasons set forth above, the Court finds that due to the complexities of the case, the Court's assessment of Plaintiff's request and amount of fees recoverable are not governed by the 30-hour guideline.  The Court, therefore, does not limit the fees to no more than $7,350.00 (representing 30 hours at an hourly rate of $245.00) as requested by Defendant.  In addition, the Court will not reduce the amount of fees requested for work performed before February 5.  The Court, however, concludes that an equitable reduction in the fee award is warranted based on an assessment of the work performed after February 5 and the result obtained.  The Court awards Plaintiff the amount of $20,592.25 ($25,480.00 requested reduced by $4,887.75) in fees and $405 in costs.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of October, 2025.

---

[3] The amount includes fees for the time devoted to the preparation of the reply memorandum in support of Plaintiff's application for the fee award.  Defendant asked the Court to disallow any compensation for work performed by Plaintiff's counsel on this fee dispute.  In this case, Defendant sought a reduction of nearly 70% of Plaintiff's claimed fee.  Plaintiff's counsel understandably devoted some time to the response.  Although Defendant's argument regarding the fee amount had some merit, the Court did not reduce the fee by an amount that approached Defendant's request.  Plaintiff, therefore, is entitled to recover for the fees, as reduced by this order, generated in litigating the fee issue.

[4] Although Plaintiff's counsel did not specify whether the voluntary reduction of 5.6 hours represented time devoted to the matter before or after February 5, for purposes of this calculation, the Court assumes the reduction was made for work before February 5.  Regardless of whether counsel intended to reduce the hours before or after February 5, the Court's assessment remains the same—an equitable reduction of 30% of the amount claimed for work performed after February 5 is warranted.  Accordingly, if Plaintiff intended to reduce the post-February 5 hours, the dollar amount of the 30% reduction would be more.